UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS DIETER FELDER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GEO GROUP, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-02240-HSG<br><br>**ORDER GRANTING REQUEST TO REOPEN ACTION; DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 12 |

Plaintiff, an inmate housed at Santa Rita Jail, filed this *pro se* action. Dkt. No. 1. On September 21, 2023, the Court dismissed this action and entered judgment against Plaintiff because Plaintiff had neither paid the filing fee nor submitted a complete *in forma pauperis* application. Dkt. Nos. 10, 11. Plaintiff has since filed a motion to reopen the action with an amended complaint, Dkt. No 12, and a complete *in forma pauperis* action, Dkt. No. 13. Because Plaintiff has corrected the deficiencies that required closure, the Court GRANTS the motion to reopen, Dkt. No. 12; and directs the Clerk to VACATE the Order of Dismissal and related judgement (Dkt. Nos. 10, 11) and REOPEN this case. For the reasons set forth below, the Court DISMISSES this action with leave to amend. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**I.　Granting Request to Reopen Action (Dkt. No. 12)**

The Court's dismissal of this action was without prejudice to Plaintiff moving to reopen and addressing the failure to either pay the filing fee or file an *in forma pauperis* application. Dkt. Nos. 10, 11. Plaintiff has filed a complete *in forma pauperis* application. Dkt. No. 13. Accordingly, the Court GRANTS Plaintiff's request to reopen this action, Dkt. No. 12; orders the

Clerk to VACATE the Order of Dismissal and related judgment, Dkt. Nos. 10, 11; and REOPENS this action.

## II. Screening

Plaintiff has filed a first amended complaint along with his motion to reopen. Dkt. No. 12. As required by 28 U.S.C. § 1915A(a), the Court conducts a preliminary screening of the first amended complaint (Dkt. No. 12).

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. First Amended Complaint

The first amended complaint is dismissed with leave to amend because it is unclear who

1  Plaintiff seeks to name as defendants. An amended complaint completely replaces the previous
2  complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). The first amended
3  complaint (Dkt. No. 12) therefore replaces the initial complaint (Dkt. No. 1). The first amended
4  complaint does not specify whom Plaintiff seeks to sue. The first amended complaint references
5  GEO staff Iniabasi Ituen, Faluse Odunayo, and Leroy Mayo, but does not specify if Plaintiff seeks
6  to sue all three individuals or just one or two of them, or if he seeks to sue GEO Group. The first
7  amended complaint also has numbers throughout. It is unclear if these numbers indicate separate
8  paragraphs or incidents, or indicate separate legal causes of action.

Because the first amended complaint fails to identify the defendants and clearly state the legal causes of action, the Court DISMISSES the first amended complaint with leave to amend.

To assist Plaintiff in preparing a second amended complaint, the Court provides Plaintiff with the following guidance. In preparing a second amended complaint, Plaintiff should follow the form complaint. For each legal claim, Plaintiff should list the alleged constitutional provision or federal law violated; identify the individual who committed the alleged constitutional or federal law violation; and specify what the individual did, or did not do, that was either unlawful or unconstitutional. The Clerk is directed to provide Plaintiff with two copies of the court's complaint form.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Court GRANTS Plaintiff's request to reopen this case. Dkt. No. 12.

2. The Clerk is ordered to VACATE the Order of Dismissal and related judgment (Dkt. Nos. 10, 11), and REOPEN this action.

3. The Court DISMISSES the first amended complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file a second amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 23-02240 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint

completely replaces the previous complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaints by reference.  Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

This action terminates Dkt. No. 12.

**IT IS SO ORDERED.**

Dated: 2/16/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge